Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LEDESMA & VARGAS LLC  Recurrido  v.  ERICK MIGUEL BELLBER SÁNCHEZ, KATHRYN DIANE QUINTANA MEDIAN, Sociedad Legal de Bienes Gananciales compuesta por ambos  Peticionarios | TA2025AP00146 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Civil Núm.: SJ2023CV02833 (805)  Sobre: Incumplimiento de Contrato, Daños |
|---|---|---|

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Santiago Calderón y la jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de septiembre de 2025.

Comparece ante nos Erick Miguel Bellber Sánchez ("señor Bellber Sánchez"), la señora Kathryn Quintana Medina y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "los "Peticionarios") mediante escrito intitulado *Apelación* presentado el 18 de julio de 2025. Nos solicita la revisión de la *Sentencia* emitida y notificada el 31 de enero del 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario desestimó la causa de acción instada por Ledesma & Vargas, LLC ("Ledesma & Vargas", "Bufete" o "Recurrido"). Sin embargo, tras el Recurrido presentar oportunamente una moción de reconsideración, el foro primario emitió *Resolución* el 18 de junio de 2025, mediante la cual reconsideró el dictamen emitido el 31 de enero de 2025, y consecuentemente, dejó sin efecto dicha *Sentencia.*[1]

---

[1] Tras evaluar el recurso ante nuestra consideración, acogemos el mismo como un *certiorari* toda vez que es el mecanismo adecuado para la resolución del

Por los fundamentos que expondremos a continuación, **denegamos** el auto de *certiorari* presentado.

**I.**

El 30 de marzo de 2023, Ledesma & Vargas instó *Demanda* sobre daños y perjuicios contra los Peticionarios.[2] Mediante esta, el Recurrido adujo que era una compañía de responsabilidad limitada dedicada a la prestación de servicios legales. Alegó que el 18 de enero de 2021, contrató al señor Bellber Sánchez como abogado asociado del departamento de litigio del Bufete. Asimismo, arguyó que, mientras el señor Bellber Sánchez laboraba en el Bufete, este llevaba casos por cuenta propia, sin autorización del Recurrido. Además, sostuvo que el señor Bellber Sánchez se apropió ilegalmente de información confidencial para beneficio personal. En específico, señaló que el señor Bellber Sánchez presentó tres (3) casos, sin autorización, los cuales pertenecían al Bufete. Ante estos hechos, solicitó una indemnización en daños los cuales estimó en una suma no menor de cincuenta mil dólares ($50,000.00).

En respuesta, el 12 de junio de 2023, los Peticionarios presentaron *Contestación a Demanda.*[3] Por virtud de este escrito, negaron ciertas alegaciones y levantaron defensas afirmativas.

En lo pertinente a la controversia ante nuestra consideración, tras varios trámites procesales, el 27 de agosto de 2024, los Peticionarios presentaron *Moción de Desestimación.*[4] En esencia, esbozaron que las alegaciones contenidas en la *Demanda* presentada por Ledesma & Vargas no estaban redactadas con suficiente especificidad en cuanto a los hechos demostrativos que dieron base a las reclamaciones que justifiquen la concesión de un

---

presente caso. No empece lo anterior, por razones de economía procesal, conservará su designación alfanumérica.
[2] Véase, SUMAC TPI, Entrada 1.
[3] Véase, SUMAC TPI, Entrada 29.
[4] Véase, SUMAC TPI, Entrada 143.

remedio. Asimismo, los Peticionarios, esgrimieron falta de parte indispensable y de legitimación activa, pues las alegaciones de la *Demanda* hacían referencia a que la información confidencial obtenida por el señor Bellber Sánchez le pertenecía a un tercero que no era parte en el caso. De igual forma, argumentaron que existía falta de jurisdicción sobre la materia, pues el Recurrido reclamó daños patrimoniales, los cuales, a juicio de los Peticionarios, estaban principalmente protegidos por la legislación federal que ocupaba el campo.

Por su parte, el 5 de septiembre de 2024, Ledesma & Vargas presentó *Oposición a Solicitud de Desestimación.*[5] En esta hizo constar que el foro primario, mediante *Orden* emitida el 23 de mayo de 2023, formuló las siguientes determinaciones de hechos incontrovertidos:

1. El demandado Bellber fue contratado como empleado del Bufete efectivo el 18 de enero de 2021.

2. El Bufete le requería al demandado Bellber rendir una jornada de trabajo diaria de 8 horas.

3. A los abogados del Bufete les estaba prohibido llevar casos fuera del Bufete sin autorización.

4. Al ser contratado, el Bufete le informó al demandado Bellber que estaría trabajando la mayor parte del tiempo para un cliente: Unclaimed Property Recovery Services, LLC.

5. Los documentos (cartas, contratos, memorandos, mociones) utilizados por el Bufete en beneficio de Unclaimed fueron redactados por el Lcdo. Javier Rivera.

6. El demandado Bellber no solicitó autorización del Bufete para llevar casos por su cuenta.

7. El demandado Bellber no solicitó autorización del Bufete para utilizar tiempo pago por el Bufete para realizar trabajo privado como abogado.

8. El demandado Bellber no solicitó autorización del Bufete para utilizar equipo y materiales de oficina para trabajar casos fuera del Bufete.

9. El demandado Bellber no solicitó autorización del Bufete, ni del Lcdo. Javier Rivera para utilizar los documentos creados para beneficio del cliente del Bufete, Unclaimed.

10. El demandado Bellber no solicitó autorización para utilizar los programas de computadora, con licencias pagas por el Bufete, para uso personal.

---

[5] Véase, SUMAC TPI, Entrada 150.

11. El demandado Bellber utilizó el programa Instant Checkmate, cuya licencia pagaba el Bufete, para su uso personal.

12. El demandado Bellber, sin permiso del Bufete, de Unclaimed Property o del Lcdo. Javier Rivera, utilizó documentos confidenciales para procurarse y tramitar casos fuera del Bufete.

13. El 16 de febrero de 2023, el Lcdo. Javier Rivera le preguntó al demandado Bellber sobre su intervención en el caso número KAC2003-5638.

14. El demandado Bellber aceptó que había intervenido en dicho caso sin autorización del Bufete.

15. La justificación dada por el demandado Bellber fue que la señora María Rubio era amiga de su padre.

16. El Lcdo. Javier Rivera le recordó al demandado Bellber que esa conducta estaba prohibida en el Bufete.

17. El Lcdo. Javier Rivera le pidió al demandado Bellber que anotara en un papel si había otros casos en que hubiese comparecido como abogado mientras trabajaba en el Bufete.

18. El demandado Bellber respondió que el caso número KAC2003-5638 era el único en el que había comparecido como abogado mientras trabajaba en el Bufete.

19. El 5 de octubre de 2022, el demandado Bellber compareció en el caso número FCD2014-0905 como abogado del demandado, sin autorización del Bufete.

20. El demandado Bellber visitó el Tribunal de Carolina en días y horas laborables, para revisar el expediente del caso número FCD2014-0905.

21. El demandado Bellber no solicitó autorización del Bufete para llevar a cabo dicha gestión.

22. El demandado Bellber compareció como abogado en otros casos mientras era empleado del Bufete.

23. La revisión de los expedientes judiciales en estos casos el demandado Bellber lo hizo durante horas laborables, pagas por el Bufete.

24. El demandado Bellber llevó a cabo otras revisiones de expedientes judiciales que no le fueron asignadas por el Lcdo. Javier Rivera.

25. Todas estas revisiones de expedientes el demandado Bellber las hizo en horas laborables y sin autorización del Bufete.

26. La búsqueda de las personas que el demandado Bellber interesaba le contratasen la hizo utilizando los equipos y programas de computadora con licencias pagas por el Bufete.

27. Las búsquedas de personas el demandado Bellber las hizo en horas laborables, sin autorización del Bufete.[6]

Cónsono con estas determinaciones de hechos, el Recurrido sostuvo que no procedía la desestimación del pleito. En cuanto al

---

[6] Véase, SUMAC TPI, Entrada 150, págs. 3-5. Para la *Orden,* véase, SUMAC TPI, Entrada 17 y 20. Cabe destacar que los Peticionarios recurrieron de dicha *Orden* ante esta Curia mediante un recurso de *certiorari.* Sin embargo, el 31 de julio de 2023, esta Curia emitió *Resolución* denegando el recurso presentado.

argumento de falta de plausibilidad, expuso que una demanda únicamente debe contener alegaciones sucintas y sencillas, que contengan hechos demostrativos que justifiquen la concesión de un remedio, requisito que satisfizo. Asimismo, subrayó que aun cuando la conducta culposa del señor Bellber Sánchez le ocasionó daños tanto al Bufete como a su cliente, éste último optó por no ejercer su derecho a reclamarle. Cónsono con lo anterior, recalcó el Recurrido, que ambas entidades sufrieron daños a causa de las actuaciones del señor Bellber Sánchez, pero las reclamaciones son separada e independientes una de la otra. Finalmente, aludió que el señor Bellber Sánchez, admitió haber utilizado información confidencial y privilegiada del Bufete para su beneficio personal. Como corolario de lo anterior, conforme el *Manual de Empleados* firmado por el señor Bellber Sánchez, dicha conducta estaba expresamente prohibida, lo cual constituyó una infracción y un incumplimiento de contrato sujeto a una acción en daños y perjuicios.

Evaluados los argumentos esbozados por las partes, el 31 de enero de 2025, el foro primario emitió y notificó *Sentencia.*[7] Por virtud de este dictamen, el foro *a quo* declaró *Ha Lugar* la solicitud de desestimación instada por los Peticionarios. Así pues, del aludido dictamen se desprende lo siguiente:

> [E]ste tribunal determina que las alegaciones en la demanda no cumplen con el estándar de plausibilidad. Como es reconocido, no debe proceder "una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias [sic] con el descubrimiento de prueba". Hernández Colón, op. cit., pág. 307.
>
> Por otra parte, Bellber Sánchez también alegó en su solicitud de desestimación falta de legitimación activa, ausencia de jurisdicción sobre la materia, y falta de parte indispensable. Sin embargo, tras un análisis de los argumentos expuestos, este tribunal considera inmeritorio evaluar los restantes fundamentos toda vez que Ledesma & Vargas no presentó alegaciones que justifiquen la concesión de un remedio solicitado. En consecuencia, se desestima la

---

[7] Véase, SUMAC TPI, Entrada 154.

demanda sin necesidad de hacer análisis y evaluación de los demás fundamentos.[8]

En desacuerdo con este resultado, el 10 de febrero de 2025, el Recurrido presentó *Solicitud de Reconsideración.*[9] Mediante este escrito, esgrimió que, conforme al trámite del caso, al descubrimiento de prueba y a las determinaciones de hechos incontrovertidos formulados por el foro primario en la Resolución emitida el 23 de mayo de 2023, no procedía la desestimación del pleito. Sobre este particular, el Bufete expresó que, al momento de presentar la oposición a la solicitud de desestimación radicada por los Peticionarios, el Recurrido "advirtió la existencia de veintisiete (27) hechos materiales y sustanciales dados por admitidos que confirmaban la conducta desleal y deshonesta perpetrada por el demandado".[10]

Asimismo, el Recurrido aclaró que incluyó el *Manual sobre Políticas, Normas y Procedimientos Administrativos de la Oficina* firmado por el señor Bellber Sánchez, lo cual corroboraba que la conducta imputada estaba prohibida.

Por su parte, el 17 de marzo de 2025, los Peticionarios presentaron *Oposición a Solicitud de Reconsideración en Cumplimiento de Orden.*[11] Por virtud de este escrito, reafirmaron su postura en torno a que el Bufete no presentó alegaciones con suficiente especificidad de hechos que dieran paso a una reclamación que justifique la concesión de un remedio.

Examinadas las posturas expuestas por las partes, 17 de junio de 2025, notificada al día siguiente, el foro primario emitió *Resolución.*[12] Mediante el aludido dictamen, el foro *a quo* reconsideró la *Sentencia* emitida el 31 de enero de 2025, pues concluyó que las alegaciones de la demanda, junto a las

---

[8] Véase, SUMAC TPI, Entrada 154, pág. 8.
[9] Véase, SUMAC TPI, Entrada 155.
[10] Véase, SUMAC TPI, Entrada 155, pág. 9.
[11] Véase, SUMAC TPI, Entrada 160.
[12] Véase, SUMAC TPI, Entrada 162.

admisiones del señor Bellber Sánchez y la prueba presentada,

cumplían con el criterio de plausibilidad. Sobre lo anterior expresó

lo siguiente:

> De las alegaciones admitidas, el Sr. Bellber Sánchez tenía la prohibición de llevar casos fuera del bufete, no solicitó autorización de este para llevar ese tipo de casos, ni para utilizar tiempo pago por el bufete para trabajo privado y tampoco para utilizar los documentos y recursos en casos que llevara por su cuenta. De hecho, tampoco solicitó autorización para buscar clientes mediante los recursos del bufete, y así lo hizo. También, de las alegaciones admitidas surge que participó en casos como RAC2003-5638, FCD2014-0905 y otros. Por otro lado, el Sr. Bellber Sánchez admitió que revisó expedientes en el Tribunal de Carolina en horas y días laborables sin autorización del bufete.

> **ii.**

> Por otro lado, del *Manual sobre políticas, normas y procedimientos administrativos de la oficina* (en adelante, "Manual") surge una prohibición especifica que indica:

>> Todo abogado que trabaja para el bufete está obligado a informar inmediatamente a alguno de los socios cualquier trabajo que le sea solicitado por terceras personas no clientes del bufete. Está prohibido realizar trabajo profesional representado y/o asesorando a terceras personas no clientes del bufete y recibir beneficios de éstos sin antes ser autorizado por alguno de los socios del bufete.

> Así que, el deber de notificar cuando le solicitan trabajo y la prohibición del trabajo quedan claras en el Manual.

> **Por consiguiente, al incluir al análisis de las alegaciones en la demanda los elementos que Ledesma & Vargas invocaron en su Solicitud de reconsideración, es decir, los hechos admitidos y el Manual, se sostiene que existe una reclamación que justifica la concesión de un remedio.**[13]

Inconforme aún, el 18 de julio de 2025, los Peticionarios

acudieron ante esta Curia, y esbozaron los siguientes

señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al haber reconsiderado la Sentencia Desestimatoria inicialmente emitida a pesar de que según surge de la demanda instada la misma estaba basada en alegaciones conclusorias [sic] que no cumplen con el stándart [sic] de plausibilidad requerido por la Regla 6.1 de Procedimiento Civil vigente y que la misma no contiene alegaciones que justificaban la concesión de un remedio.

> Erró el Honorable Tribunal de Primera Instancia al haber reconsiderado la determinación previamente emitida sobre ausencia de plausibilidad expuesta en la moción de desestimación a base de documentos que

---

[13] Véase, SUMAC TPI, Entrada 162, págs. 8-9.

no son parte de las alegaciones que surgen de la demanda instada en este caso.

Erró el Honorable Tribunal de Primera Instancia al No haber considerado y adjudicado los planteamientos de falta de parte indispensable, falta de jurisdicción sobre la materia y falta de legitimación activa que surgen de la moción de desestimación presentada.

El 29 de julio de 2025, Ledesma & Vargas *presentó Solicitud de Desestimación*. Mediante esta esgrimió que los Peticionarios no le notificaron la presentación del presente recurso, por lo cual correspondía desestimar el mismo. Por su parte, el 25 de agosto de 2025, los Peticionarios presentaron *Oposición a Moción de Desestimación y Moción Aclaratoria Sometida por la Parte Apelada* Mediante este escrito, explicaron que por error involuntario, no revisaron de manera específica el registro de notificaciones que genera el Sistema Unificado de Manejo y Administración de Casos ("SUMAC"), por lo que omitieron notificar la presentación del recurso a Ledesma & Vargas. Por su parte, tras varios asuntos procesales, el 28 de agosto de 2025, el Recurrido presentó *Moción en Cumplimiento de Orden y en Oposición a Expedición de Auto*. Mediante este escrito aclaró que el recurso presentado se trataba más bien de un *certiorari* pues realmente se recurría de una resolución interlocutoria que acogió una moción de desestimación. Ante este cuadro, esbozó que correspondía denegar el recurso presentado. Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso de autos.

## II.

### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las

determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019).

Ahora bien, como regla general, "las resoluciones atinentes a asuntos postsentencia no se encuentran incluidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*". *IG Builders et al. v. BBVAPR, supra,* pág. 339. No obstante, somos conscientes de que en ciertas instancias "[d]e imponerse las limitaciones de la Regla 52.1, 32 LPRA Ap. V, a la revisión de dictámenes

postsentencia, inevitablemente quedarían sin posibilidad alguna de revisión apelativa". *BPPR v. SLG Gómez-López, supra*, pág. 336. En tal caso, "el recurso de *certiorari* es el mecanismo adecuado para solicitar la revisión conforme a lo resuelto expresamente". *Íd.*

### B. Moción de Reconsideración

Nuestro esquema procesal contempla el derecho a solicitar la reconsideración en aquellos casos en los cuales una parte se encuentra inconforme con una determinación judicial. Una moción de tal naturaleza es el "mecanismo que provee nuestro ordenamiento para permitir que un tribunal modifique su fallo y enmiende o corrija los errores en que haya incurrido". *DIV. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 748 (2023). El objetivo principal de esta moción es dar una oportunidad a la corte que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubiere incurrido al dictarla. *Mun. Rincón v. Velázquez Muñiz y Otros*, 192 DPR 989, 996 (2015). A esos efectos, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, establece el procedimiento discutido a continuación:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.

> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos

> copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.

Respecto al término para presentar la reconsideración, el Tribunal Supremo de Puerto Rico ha reiterado la siguiente normativa al interpretar el precitado cuerpo reglamentario:

> Conforme a lo anterior, ante una determinación del Tribunal de Primera Instancia las partes cuentan con un término de quince (15) días desde la fecha de la notificación para presentar la Moción de Reconsideración. Este término es de carácter jurisdiccional cuando se solicita la reconsideración de una Sentencia. Por otro lado, el término de quince (15) días para presentar la reconsideración de una determinación interlocutoria, ya sea una Resolución u Orden, es a su vez de cumplimiento estricto. *DIV. Empleados Públicos UGT v. CEMPR, supra,* págs. 749.

### III.

Previo a evaluar el recurso ante nuestra consideración, es menester atender el asunto jurisdiccional traído ante nuestra consideración por parte de Ledesma & Vargas. El Recurrido presentó *Solicitud de Desestimación* por la omisión por parte de los Peticionarios de notificarle el recurso de epígrafe. Tras examinar, la solicitud de desestimación y su oposición, declaramos la misma *No Ha Lugar.*

Atendido lo anterior, es menester aclarar que, si bien los Peticionarios esbozan que recurren de la *Sentencia* emitida el 31 de enero de 2025 por el foro primario, lo cierto es que el recurso de epígrafe gira en torno a una resolución interlocutoria que acogió la solicitud de reconsideración presentada por el Recurrido. Por ello, como adelantáramos, el recurso presentado por los Peticionarios es un *certiorari.*

Así las cosas, tras haber expuesto el marco jurídico y ponderados los argumentos presentados por los Peticionarios, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. En

armonía con lo anterior, los Peticionarios no han demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos, procede que se deniegue el recurso de *certiorari* de epígrafe. Por lo cual, no intervendremos con la determinación discrecional del foro primario.

Nuestra determinación de no intervenir en los méritos de la decisión recurrida en estos momentos no constituye una adjudicación de la controversia existente entre las partes ni prejuzga el asunto planteado por estas.

**IV.**

Por los fundamentos anteriormente expuestos, **denegamos** el recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones